# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| | ) Case No. 25-073-GAW |
| | ) |
| In Re: Ex Parte Application of | ) |
| BAYERISCHE MOTOREN WERKE | ) |
| AKTIENGESELLSCHAFT for an Order | ) |
| Pursuant to 28 U.S.C. Section 1782 to Obtain | ) |
| Discovery for Use in Foreign Proceeding. | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICANT
## BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT'S
## <u>MOTION TO COMPEL DISCOVERY</u>

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
 (571) 203-2750

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
(617) 646-1618

Joseph M. Myles
David T. Faurie
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4372

Dated: March 20, 2026

Andrew E. Russell (No. 329958)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Applicant Bayerische Motoren
Werke Aktiengesellschaft*

**TABLE OF CONTENTS**

I.    INTRODUCTION: MR. MARINO'S UNILATERAL REFUSAL TO COMPLY VIOLATES RULE 45 AND WARRANTS AN ORDER COMPELLING FULL COMPLIANCE....................................................................................................1

II.   FACTUAL BACKGROUND: BMW AG'S NEED FOR DISCOVERY REMAINS LIVE, AND MR. MARINO REFUSED TO COMPLY WITH COURT-AUTHORIZED SUBPOENAS. ......................................................2

    A.    BMW AG Sought § 1782 Discovery to Support Ongoing German Proceedings Initiated by Onesta.................................................................2

    B.    Onesta's Withdrawal of the Infringement Actions Did Not Eliminate BMW AG's Ongoing Need for Discovery ..............................................3

    C.    BMW AG Joined the EP '920 Nullity Action, Which Independently Supports the Requested Discovery ............................................................4

    D.    Mr. Marino Chose Noncompliance Over the Procedures Required by Rule 45.......................................................................................................4

III.  LEGAL ARGUMENT: COURT SHOULD REJECT MR. MARINO'S ATTEMPTS AT IMPROPER SELF-HELP AND ORDER PROMPT COMPLIANCE........................................................................................................5

    A.    By Ignoring Rule 45's Procedures, Mr. Marino has Waived all Substantive Objections. ......................................................................5

    B.    Onesta's Dismissal of the Infringement Claims Does Not Materially Alter BMW AG's Continuing Right to Relief Under § 1782. ........................6

    C.    Mr. Marino's Mootness and Article III Argument Fails as a Matter of Law ..........7

    D.    The Remaining Discovery is Directly Relevant to the Pending Foreign Proceedings, and Mr. Marino Has Not Shown Undue Burden...............................9

IV.   CONCLUSION: THE COURT SHOULD COMPEL MR. MARINO TO PRODUCE DOCUMENTS AND APPEAR FOR DEPOSITION PROMPTLY BECAUSE HE WAIVED HIS OBJECTIONS AND THE DISCOVERY REMAINS PROPER .......................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
  793 F.3d 1108 (9th Cir. 2015) ......................................................................................8

*In re Application of Salem*,
  2024 WL 4464288 (S.D. Fla. Aug. 28, 2024).................................................................8

*AVX Corp. v. Presidio Components, Inc.*,
  923 F.3d 1357 (Fed. Cir. 2019).....................................................................................8

*City of St. Petersburg v. Total Containment, Inc.*,
  No. 06-20953, 2008 WL 1995298 (E.D. Pa. May 5, 2008)............................................5

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*,
  585 F. Supp. 2d 645 (M.D. Pa. 2008) ............................................................................3

*In re Application of financialright claims GmbH*, No. CV 23-1481-CFC, 2024
  WL 4818177 (D. Del. Nov. 18, 2024) ............................................................................7

*In re Financialright Claims GmbH*, No. 24-3171, 2025 WL 2977513 (3d Cir. Oct.
  22, 2025) .......................................................................................................................7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).................................................................................................6, 8

*In re Iraq Telecom Ltd.*,
  No. MC 19-175, 2021 WL 5177603 (E.D. Pa. Nov. 5, 2021).......................................6

*In re Keebaugh*,
  No. 19-163, 2019 WL 5802703 (E.D. Pa. Nov. 6, 2019) ............................................5

*Khrapunov v. Prosyankin*,
  931 F.3d 922 (9th Cir. 2019) ....................................................................................6, 7

*In re Novo Nordisk Sec. Litig.*,
  530 F. Supp. 3d 495 (D.N.J. 2021) ..............................................................................9

*Republic of Ecuador v. Connor*,
  708 F.3d 651 (5th Cir. 2013) .......................................................................................7

*Standard Chlorine of Del., Inc. v. Sinibaldi*,
  821 F. Supp. 232 (D. Del. 1992)...............................................................................5, 6

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998)................................................................................................................8

**Federal Statutes**

28 U.S.C. § 1782................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 45................................................................................................1, 4, 5

Local Rule 7.1 ..........................................................................................................1

iii

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and Local Rule 7.1, Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") moves to compel William Marino to produce documents and provide testimony as requested by the subpoenas authorized by the Court on February 10, 2026. *See* Dkt. 6. Mr. Marino is a principal of Onesta IP, LLC ("Onesta"), the patent owner in the foreign proceedings underlying this § 1782 action. Dkt. 1-2 at 1.

I.    **INTRODUCTION: MR. MARINO'S UNILATERAL REFUSAL TO COMPLY VIOLATES RULE 45 AND WARRANTS AN ORDER COMPELLING FULL COMPLIANCE**

The deadline for Mr. Marino to produce documents was March 6, 2026. Ex. A. But rather than comply with BMW's subpoena, Mr. Marino engaged in improper self-help, sending BMW AG a letter unilaterally declaring the document and deposition subpoenas moot and stating his refusal to comply. *Id.* Rule 45 does not permit a subpoena recipient to refuse compliance by fiat. Mr. Marino was required to serve timely objections or move to quash, and now the time for either of those actions has passed. *See* Fed. R. Civ. P. 45(d). Mr. Marino has therefore waived any and all objections to BMW AG's subpoenas.

Furthermore, Mr. Marino's asserted justifications for non-compliance fail as a matter of law. He claims that Onesta's settlement with a third party, Qualcomm Inc., to resolve one aspect of the underlying foreign proceedings moots BMW AG's need for discovery in its entirety. *See* Ex. A. Mr. Marino misapprehends the law regarding discovery under § 1782 and the effect of partial resolution abroad on the pendency of the foreign matters.

In reality, save for the need for a single document request,[1] nothing material has changed since the subpoenas were first authorized by the Court on February 10, 2026. BMW AG is still in urgent need of discovery from Mr. Marino to support its proceedings in Germany, including the now-pending nullity proceeding and the value-in-dispute determination in the three infringement

---

[1] BMW AG withdraws Request for Production No. 19. Ex. B. at 2.

proceedings.[2] *See* Dkt. 1-19 at ¶¶ 15, 18-19 (explaining the relevance of discovery from Mr. Marino to patent nullity and value-in-dispute). That need persists regardless of Onesta's settlement with Qualcomm or the dismissal of its infringement claims against BMW AG. *See id.*, Ex. C. at 2-3.

Because Mr. Marino chose improper self-help over compliance or judicial review, and because his purported mootness argument has no legal basis, the Court should order him to respond fully and promptly to BMW AG's discovery requests.

II.   **FACTUAL BACKGROUND: BMW AG'S NEED FOR DISCOVERY REMAINS LIVE, AND MR. MARINO REFUSED TO COMPLY WITH COURT-AUTHORIZED SUBPOENAS.**

A.   **BMW AG Sought § 1782 Discovery to Support Ongoing German Proceedings Initiated by Onesta**

BMW AG's need for discovery from Mr. Marino arises from actions that his company, Onesta, chose to initiate against BMW AG in Germany. Dkt. 1-2 at 1. On October 9, 2025, Onesta sued BMW AG in the Munich Reginal Court I ("the Munich court"), asserting European Patent No. 2,473,920 B1 ("EP '920") and two United States patents, U.S. Patent No. 8,854,381 and U.S. Patent No. 8,443,209, resulting in three patent infringement cases (the "Foreign Infringement Proceedings"). Dkt. 1-2 at 1.

On December 29, 2025, BMW AG filed this *Ex Parte* Application under 28 U.S.C. § 1782 seeking an order to obtain discovery from Mr. Marino for use in association with the Foreign Infringement Proceedings. Dkt. 1. In its application, BMW AG explained that the information it sought was not solely for infringement defenses, but also to support the value-in-dispute determination that follows those proceedings and to a contemplated, and now-pending, patent nullity action regarding the EP '920. Dkt. 1-2 at 1-2, 4-6.

---

[2] The nullity proceeding will have a similar value-in-dispute determination based on the objective value of the patent at the end of the case. Dkt. 1-19 ¶ 15. Because the information relevant to these determinations largely overlaps, for simplicity BMW AG references only the more immediate value-in-dispute determination for the infringement actions throughout.

On February 10, 2026, this Court granted the requested discovery, finding "BMW [AG] has made the initial requisite showing to obtain leave to serve discovery requests on Marino." Dkt. 6 at 2 n.2. Mr. Marino neither served objections nor moved to quash, instead sending the letter attached hereto as Ex. A.

> **B.      Onesta's Withdrawal of the Infringement Actions Did Not Eliminate BMW AG's Ongoing Need for Discovery**

Since the Court granted BMW AG's Application, Onesta entered into a binding term sheet and later a settlement agreement with a third party, Qualcomm Inc., the maker of the chips underlying Onesta's infringement allegations against BMW. Exs. D-E. After a series of procedural filings, on February 20, 2026, the Munich court suspended the infringement proceedings in view of Onesta's settlement with Qualcomm. Ex. F.[3] On March 12, 2026, Onesta withdrew the Foreign Infringement Proceedings with filings that "plaintiff irrevocably waives vis-à-vis defendant all conceivable substantive legal claims arising from the patent-in-suit." Ex. G.[4] BMW expects that the Munich court will terminate the Foreign Infringement Proceedings in short order.

Unlike in the American system, in Germany the prevailing party is entitled to its attorneys' fees, which are calculated based on the value-in-dispute. Dkt. 1-19 at ¶ 15. The Munich court will use information such as the patent's purchase price and any royalties paid for its use in determining the value-in-dispute and to that end will consider any evidence BMW AG may submit. *See id.* Similar to how U.S. District Courts retain jurisdiction to adjudicate fee disputes, *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 656 (M.D. Pa. 2008) ("[T]he Court retains jurisdiction to consider a motion for attorney's fees by RB Rubber

---

[3] The attached exhibit is provided as a representative example from one of the three German proceedings; the corresponding filings in the other two actions are substantially identical.

[4]  The attached exhibit is provided as a representative example from one of the three German proceedings; the corresponding filings in the other two actions are substantially identical.

under § 285."), the Munich court will retain jurisdiction to determine the value-in-dispute and resulting fees awarded to BMW AG. The Munich court has not yet set deadlines for these filings.

**C.   BMW AG Joined the EP '920 Nullity Action, Which Independently Supports the Requested Discovery**

Additionally, on January 26, 2026, BMW requested and subsequently became a plaintiff to the EP '920 nullity action initially filed by NVIDIA. *See* Exs. H, I. On March 4, 2026, Onesta filed its response in the nullity action. Ex. I. Under the current schedule, BMW AG expects its reply to be due in mid or late April, 2026. The nullity proceeding will similarly have a value-in-dispute determination, Dkt. 19-1 at ¶ 15, with a deadline for Onesta's next filing of March 25, 2026. Ex. J. BMW AG has become aware, through Onesta's March 5, 2026 ITC filing, of a potential settlement between NVIDIA and Onesta. Ex. K. Neither resolution of the Foreign Infringement Proceedings nor any settlement with NVIDIA affects BMW AG's ability to continue pursuing the nullity action.

**D.   Mr. Marino Chose Noncompliance Over the Procedures Required by Rule 45**

After the Court authorized discovery, BMW AG served subpoenas on Mr. Marino. On February 18, 2026, counsel for Mr. Marino confirmed that he was authorized to accept service for Mr. Marino and indicated that Mr. Marino had been served on February 16, 2026. Ex. B at 9-10. In the same exchange, BMW AG agreed to extend the deadline for responding to the document subpoena to March 6, 2026, while maintaining the March 13 deposition date. *Id.*

On February 25, 2026, counsel for Mr. Marino again requested a further extension of the response deadline based on the suspension of the Munich cases and its counsel's position that BMW AG had no imminent deadline in Germany. Ex. B at 9. On February 26, 2026, BMW AG declined any further extensions for Mr. Marino because the subpoenaed information remained relevant, at minimum, to value-in-dispute and invalidity of EP '920. *Id* at 8.

But on March 6, Mr. Marino did not serve objections or responses. Instead, his counsel sent a letter asserting that BMW AG allegedly lacked standing to pursue the subpoenas and stating that Mr. Marino would not attend his noticed depositions. Ex. A.

The Parties met and conferred on March 10 pursuant to Judge Weilheimer's Guidelines. BMW AG confirmed during that meet-and-confer that, in an effort to narrow the issues, that it is withdrawing Request for Production No. 19. Even with that narrowing, however, Mr. Marino refused to produce documents or appear for deposition. Ex. B at 2.

BMW AG moves to compel compliance with the Court-authorized subpoenas.

## III.    LEGAL ARGUMENT: COURT SHOULD REJECT MR. MARINO'S ATTEMPTS AT IMPROPER SELF-HELP AND ORDER PROMPT COMPLIANCE

Mr. Marino disregarded the Federal Rules of Civil Procedure and engaged in improper self-help. Rather than comply with Rule 45, he sent BMW AG a letter unilaterally declaring the Court-authorized subpoenas "moot" and refusing to comply. *See* Ex. A. Rule 45 provides only two permissible, adversarial responses to a subpoena: a nonparty must either timely serve written objections under Rule 45(d)(2)(B) or timely move to quash or modify the subpoena under Rule 45(d)(3). *See* Fed. R. Civ. P. 45(d). Mr. Marino did neither.

Any objections or motion to quash were due no later than fourteen days after service and, in all events, before the compliance date of March 6, 2026. *In re Keebaugh*, No. 19-163, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (explaining that motions to quash must generally be filed before the compliance date and that fourteen days is "presumptively reasonable"). Instead, Mr. Marino chose to ignore the Rule 45 procedures and refuse compliance outright. Ex. A.

Even if the Court were to consider Mr. Marino's justifications for noncompliance, they fail as a matter of law.

### A.    By Ignoring Rule 45's Procedures, Mr. Marino has Waived all Substantive Objections.

Because Mr. Marino failed to timely object or seek court relief, any and all objections are waived, including privilege. *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) ("failure to provide a proper and timely response . . . constitutes a *waiver of any and all objections* to said request" (emphasis added) (collecting cases)); *City of St. Petersburg v. Total Containment, Inc.*, No. 0620953, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (denying motion to quash as untimely where party filed motion one day after compliance date).

That waiver extends to jurisdictional and statutory objections to a § 1782 application. *In re Iraq Telecom Ltd.*, No. MC 19-175, 2021 WL 5177603, at *2 (E.D. Pa. Nov. 5, 2021). Accordingly, Mr. Marino should be ordered to "respond fully and promptly" to BMW AG's discovery requests. *Standard Chlorine*, 821 F. Supp. at 262.

### B. Onesta's Dismissal of the Infringement Claims Does Not Materially Alter BMW AG's Continuing Right to Relief Under § 1782.

Mr. Marino argues that the dismissal of the infringement claims "materially alters BMW [AG]'s right to relief under § 1782." *See* Ex. A (citing *Khrapunov v. Prosyankin,* 931 F.3d 922, 926 (9th Cir. 2019)). Mr. Marino is wrong.

*Khrapunov* is not analogous. In *Khrapunov*, the Ninth Circuit questioned whether discovery would still "be for use in a foreign 'proceeding'" as required by § 1782 where the underlying foreign litigation had been "finally determined against [the § 1782 applicant]" with no ability to "appeal or pursue [the litigation] any further." 931 F.3d at 924. The *Khrapunov* court found that "the mere possibility that discovery might permit already concluded foreign proceedings to be reopened likely approaches that limit" of a case within "reasonable contemplation" and ordered the district court to reconsider its grant of the application. *Id.* at 925-26. If anything, *Khrapunov* cuts against Onesta's argument.

Regardless, the circumstances here are nothing like *Khrapunov*. First, there is no dispute that BMW AG remains a litigant in the EP '920 nullity action, where BMW AG expects its next filing to be due mid or late April, 2026. Second, Onesta's dismissal of its infringement claims also does not resolve the Foreign Infringement Proceedings. *See* Dkt. 1-19 at ¶ 15. The Munich court will retain jurisdiction of the matter "to calculate recoverable attorneys' fees granted as a rule," which will be based on the "value-in-dispute" for the infringement action. *Id.* These cases are not just within "reasonable contemplation" but actively pending and they therefore fall squarely within the statutory requirements of § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) (holding that cases fall within the scope of § 1782 not just "when adjudicative proceedings are 'pending' or 'imminent.' . . . Instead, we hold that § 1782(a)

requires only that a dispositive ruling . . . be within reasonable contemplation.”). When BMW AG filed its Application, it explained that information sought was relevant to not just Onesta’s claims of infringement but the related value-in-dispute, Dkt. 1-2 at 5-6 ¶¶ a, b, f, g, and nullity, *id.* at 6 ¶¶ e, g. This remains true now, and Onesta’s dismissal of its infringement claims does not materially alter BMW AG’s right to relief under § 1782. *See id.* at 8-9.

Mr. Marino also fails to offer any explanation as to how Onesta’s dismissal of the infringement claims is supposedly “relevant to the discretionary factors courts consider when evaluating § 1782 applications.” *See* Ex. A (quoting *Khrapunov,* 931 F.3d at 926). Because BMW AG is a party to both the nullity proceeding and value-in-dispute determination for the infringement proceeding, the discretionary factors remain unaltered, and all still weigh in BMW AG’s favor. *See* Dkt. 1-2 at 10-14.

### C.    Mr. Marino’s Mootness and Article III Argument Fails as a Matter of Law

Mr. Marino next incorrectly contends that the subpoenas are “moot” and that BMW AG lacks Article III standing to seek relief under § 1782 based on Onesta’s settlement with Qualcomm and dismissal of its infringement claims. *See* Ex. A. Mr. Marino’s argument rests on the incorrect assumption that § 1782 application carries an independent Article III standing requirement beyond satisfaction of the statutory provisions. It does not. *See Republic of Ecuador v. Connor*, 708 F.3d 651, 655 (5th Cir. 2013)*.* As the Fifth Circuit explained “the unusual role of a federal court under § 1782 suggest[s] that ‘jurisdictional’ thinking is misplaced,” and even if jurisdiction is considered, “the best approach is to treat jurisdiction as conflated with the merits of the application.” *Id.*; *accord In re Application of financialright claims GmbH*, No. CV 23-1481-CFC, 2024 WL 4818177, at *6 (D. Del. Nov. 18, 2024) (quoting *Republic of Ecuador*, 708 F.3d at 655), *aff’d sub nom. In re Financialright Claims GmbH*, No. 24-3171, 2025 WL 2977513, at *6 (3d Cir. Oct. 22, 2025) (holding that “§ 1782 proceedings—which are ancillary to a foreign suit, initiated without pleading or summons, granted without notice, and concluded without a judgment—are not civil actions” for purpose of the FAA).

Consistent with that principle, Onesta's statements before the German court[5] and its dismissal of infringement claims do not divest this Court of authority over a § 1782 application. *See In re Application of Salem*, 2024 WL 4464288, at *5–6 & n.3 (S.D. Fla. Aug. 28, 2024) (explaining that a covenant not to sue does not divest a court of authority over a § 1782 application). Section 1782 instead reflects Congress's "efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S. at 247. The statute expressly authorizes discovery applications by "any interested person," 28 U.S.C. §1782(a), and the Supreme Court has made clear that "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 247. Here, BMW AG is a litigant to both the German nullity proceeding and the value-in-dispute determinations, leaving "[n]o doubt" that BMW AG remains an "'interested person' who may invoke § 1782." *See id.*

In fact, Courts have expressly rejected the precise arguments Mr. Marino advances here, namely, that invalidity proceedings cannot create § 1782 "interested person" status or that mere denial of such discovery does not create a justiciable issue. *See* Ex. A; *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110-11 (9th Cir. 2015) (holding that denial of discovery authorized under § 1782 constitutes a cognizable injury and that foreign patent office proceedings alone are sufficient to support § 1782 discovery). Mr. Marino's attempts to analogize to U.S. proceedings to artificially create an Article III standing requirement. *See* Ex. A (citing *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357 (Fed. Cir. 2019)); Ex. B (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)). Section 1782 "does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist." *Intel*, 542 U.S. at 263. In fact, "[c]omparisons of that order can be fraught with danger." *Id.*

---

[5] While it does not affect the analysis here, it remains unclear if Onesta believes its statements abroad that it "irrevocably waives vis-à-vis [BMW AG] all conceivable substantive legal claims arising from the patent-in-suit" constitute a covenant not to sue, or are somehow limited to, e.g., proceedings in Germany.

In short, Mr. Marino's mootness and Article III arguments fail as a matter of law. They attempt to improperly graft domestic standing doctrine onto § 1782, ignore controlling precedent, and provide no valid basis for refusing compliance with court-authorized subpoenas.

### D.  The Remaining Discovery is Directly Relevant to the Pending Foreign Proceedings, and Mr. Marino Has Not Shown Undue Burden

Notably, Mr. Marino agrees to the relevance of much of the requested information to the ongoing German nullity proceeding yet contends—without evidence—that compliance would be unduly burdensome. *See* Ex. A (admitting to the relevance of RFP 1, 2, 4, 5, 11, 13, and 16-18 to BMW AG's nullity action). He likewise does not meaningfully dispute the relevance of the remaining requests to the value-in-dispute determination of the infringement proceedings. *See generally* Ex. B. Although BMW AG agreed to withdraw RFP 19 to accommodate the then-suspended infringement claims, Mr. Marino still refused to comply. *See id.*

Because the subpoenas remain proper, *supra* § III.B-C, and the remaining RFPs 1-18 and the deposition testimony are relevant to the pending foreign proceedings, beyond being waived, *supra* § A, Mr. Marino's claims of undue burden are unsubstantiated and thus baseless. *See In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 504 (D.N.J. 2021) (explaining that even though non-parties are entitled to broader discovery protections, they must still present evidence demonstrating that the burden imposed will actually be "undue").

### IV.  CONCLUSION: THE COURT SHOULD COMPEL MR. MARINO TO PRODUCE DOCUMENTS AND APPEAR FOR DEPOSITION PROMPTLY BECAUSE HE WAIVED HIS OBJECTIONS AND THE DISCOVERY REMAINS PROPER

For the foregoing reasons, BMW AG's motion should be granted.

Specifically, Mr. Marino should be ordered to produce documents responsive to RFPs 1–18 within 7 calendar days and to appear for deposition within 7 calendar days thereafter. BMW AG further requests any additional relief that the Court deems just and proper to ensure compliance with the subpoenas authorized by this Court.

9

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
 (571) 203-2750

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Seaport Lane
Sixth Floor
Boston, MA 02210-2001
(617) 646-1618

Joseph M. Myles
David T. Faurie
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue NW
Washington, DC 20001-4413
(202) 408-4372

Dated: March 20, 2026

/s/ Andrew E. Russell
Andrew E. Russell (No. 329958)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Applicant Bayerische Motoren
Werke Aktiengesellschaft*

10

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that, on March 10, 2026, counsel for BMW AG met and conferred with counsel for Mr. Marino regarding BMW AG's requests for production and deposition subpoenas, and BMW AG's motion to compel.

During the meet and confer, the parties discussed Mr. Marino's stated refusal to produce documents or appear for a deposition, including his position that BMW AG allegedly lacks standing to seek discovery under 28 U.S.C. § 1782, and BMW AG's position that the requested discovery is proper for use in a foreign proceeding in which BMW AG is an interested party. The parties also discussed that BMW AG intends to seek to compel responses to all requests for production except RFP No. 19.

As this matter was unable to be resolved through substantive verbal communications the attached Motion is being filed.

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 329958)

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, this document was served on the following persons as follows:

**VIA EMAIL**

Jason D. Cassady
Daniel R. Pearson
CALDWELL CASSADY & CURRY
2121 North Pearl Street, Suite 1200
Dallas, TX 75201
(214) 888-4848
jcassady@caldwellcc.com
dpearson@caldwellcc.com

Mark D. Siegmund
CHERRY JOHNSON SIEGMUND JAMES
7901 Fish Pond Road, Suite 200
Waco, TX 76710
(254) 732-2242
msiegmund@cjsjlaw.com

/s/ Andrew E. Russell
Andrew E. Russell (No. 329958)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Applicant Bayerische Motoren*
*Werke Aktiengesellschaft*

12