# Exhibit C

| | |
|---|---|
| **From:** | Lavenue, Lionel |
| **To:** | Daniel Pearson; Berntsen, Matthew; Jason Cassady; Mark Siegmund |
| **Cc:** | Myles, Joseph; BMW-OnestaIP; Onesta-BMW |
| **Subject:** | (Motion to Compel) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino |
| **Date:** | Thursday, March 12, 2026 9:20:26 PM |
| **Attachments:** | image004.png |
| | shield-advisory.png |
| | chevron-light.png |

Counsel,

As BMW AG has explained, both the nullity proceeding and the value-in-dispute determination in the infringement action independently support its § 1782 application. This is true regardless of Onesta's dismissal of its infringement claims. BMW AG remains a party to those matters and will use discovery from Mr. Marino and Mr. Loo in both proceedings. The statutory requirements of § 1782 are therefore satisfied. *See, e.g.*, *In re Biomet Orthopaedics Switzerland GmbH*, 742 F. App'x 690, 695 (3d Cir. 2018).

Your correspondence appears to assume that a § 1782 application carries an independent Article III standing requirement beyond satisfaction of the statute. That assumption is incorrect. A district court has authority to grant and enforce a § 1782 application where the statutory requirements are met. See *Republic of Ecuador v. Connor*, 708 F.3d 651, 655 (5th Cir. 2013 ("Not only does the unusual role of a federal court under § 1782 suggest that 'jurisdictional' thinking is misplaced, but even if 'jurisdiction' is at issue, the best approach is to treat jurisdiction as conflated with the merits of the application."); *see also. In re Application of Salem,* 2024 WL 4464288, at 5-6 & n.3 (S.D. Fla. Aug. 28, 2024) (explaining that a covenant not to sue does not divest a court of authority over a § 1782 application).

Your analogies to U.S. Patent Office proceedings and attorneys' fees determinations are likewise misplaced. As the Supreme Court has made clear, § 1782 does not require U.S. courts to engage in comparisons to domestic proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263 (2004) ("Comparisons of that order can be fraught with danger.")

Indeed, the Ninth Circuit has expressly rejected both of the arguments you advance. See *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1111 (9th Cir. 2015) (holding that denial of discovery authorized under § 1782 constitutes a cognizable injury and that foreign patent-office proceedings alone are sufficient to support § 1782 discovery).

For these reasons, BMW AG does not intend to withdraw its subpoenas. In light of Mr. Marino's and Mr. Loo's failure to comply, BMW AG will proceed with a motion to compel.

Regards,
Lionel

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Thursday, March 12, 2026 3:49 PM
**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Confirmation (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

 External email >

Lionel:

Mr. Marino and Mr. Loo renew their request for BMW to withdraw these subpoenas.

Earlier today, Onesta's German infringement actions were withdrawn due to the finalization and formal execution of the agreement with Qualcomm.  Accordingly, BMW has no argument that there is any legal controversy sufficient to support its constitutional standing to seek relief from a district court.

To the extent BMW intends to continue pursuing its German nullity action, this is insufficient to create or sustain BMW's standing in the Eastern District of Pennsylvania.  On Tuesday's call, counsel for BMW contended that because BMW is a litigant in the nullity action, that creates a controversy to support standing.  That is incorrect—if merely being a litigant were the test for constitutional standing you could never not have standing.  BMW does not have standing because there is no underlying dispute subject to an award of damages.  *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357 (Fed. Cir. 2019).

Accordingly, withdrawal of the subpoenas is appropriate and required.  Please confirm.

Thanks,
Daniel

---

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Tuesday, March 10, 2026 12:28 PM
**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>

**Subject:** RE: Confirmation (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Lionel,

As you can see from my correspondence dated March 6, 2026, I am not drawing an abstract "distinction between infringement and nullity proceedings." Instead, BMW cannot compel this discovery because it lacks standing as there is no Article III legal controversy to support jurisdiction. The infringement proceedings between BMW and Onesta are resolved, suspended, and will be soon dismissed—as you are aware. *BMW v. Onesta IP, LLC*, Case No. 6:25-cv-00581-ADA, Dkt. 51 (W.D. Tex. Feb 23, 2026). You do not need discovery for them. The remaining nullity action does not *create or support* BMW's standing because it is not related to any Article III case or controversy. This is just like when someone loses an IPR while not being accused of infringement—that they lost the IPR does not create standing sufficient to pursue an appeal of their loss. *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357 (Fed. Cir. 2019).

You are well aware that "[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself. An interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Onesta very recently brought this authority to your attention. *BMW v. Onesta IP, LLC*, Case No. 6:25-cv-00581-ADA, Dkt. 51 at 8 (W.D. Tex. Feb 23, 2026). Your intentional disregard for this binding Supreme Court precedent is further proof that your purpose in pressing these subpoenas—without standing—is merely to harass Mr. Marino and Mr. Loo.

My clients vehemently object to your conduct, and intend to seek fees for being forced to respond to a motion BMW does not have standing to bring.

Additionally, please be prepared to address the questions I raised below, which remain unanswered.

Thanks,
Daniel

---

**From:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Sent:** Tuesday, March 10, 2026 8:49 AM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** Confirmation (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

> **Warning: Unusual link**
> This message contains an unusual link, which may lead to a malicious site. Confirm the message is safe before clicking any links.

Counsel,

We will send a Teams invitation for a meeting at 2:00 p.m. CT on Tuesday, March 10, 2026.

We disagree with your assertion that BMW cannot pursue discovery under 28 U.S.C. § 1782 for the Nullity Action. A German Nullity Action is an ongoing foreign proceeding within the meaning of § 1782, and BMW intends to use the requested discovery in that proceeding. If you contend otherwise, please identify authority supporting that position.

More broadly, the burden is not on BMW to disprove your unsupported distinction between infringement and nullity proceedings. It is your burden to explain why discovery for use in a Nullity Action should somehow be treated differently from discovery for use in an infringement action. Discovery for use in nullity proceedings is well supported by § 1782 case law, and we see no basis to conclude that the analysis changes simply because there may or may not also be a parallel infringement proceeding.

BMW also has Article III standing. As Onesta knows, Germany is a fee-shifting jurisdiction. BMW therefore has a direct financial interest in both the infringement actions and the Nullity Action. It is well established that even a minimal monetary interest is sufficient to support Article III standing. In addition, the available recovery of attorneys' fees depends on the value in dispute in the infringement actions and the objective value of the patent in the Nullity Action. That provides an independent and concrete stake in the proceedings and in the discovery sought for use there.

To further narrow the issues, BMW proposes dropping RFP No. 19.

Regards,

Lionel

---

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Monday, March 9, 2026 5:23 PM
**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>;

Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Second Request (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Lionel,

I disagree with your characterizations. I'm available at 2PM Central tomorrow. Please be prepared to discuss 1) why BMW thinks it needs discovery for infringement cases that BMW has told the Munich court have had their basis undermined and that are suspended, and 2) why BMW has standing to pursue any discovery related to its nullity action, to the extent it is seeking discovery related to the nullity proceedings. Please also be prepared to identify any time a US district court has ever approved an application under 1782 for discovery in a nullity action in the absence of any infringement dispute. We have not been able to find any.

Thanks,
Daniel

**From:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Sent:** Monday, March 9, 2026 4:06 PM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** Second Request (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

**Warning: Unusual link**
This message contains an unusual link, which may lead to a malicious site. Confirm the message is safe before clicking any links.

Counsel,

We are following up on our prior request to meet and confer and have not yet heard back.

Please let us know your availability to meet and confer between now and close of business tomorrow, Tuesday.

Regards,

Lionel

**From:** Lavenue, Lionel <lionel.lavenue@finnegan.com>
**Sent:** Sunday, March 8, 2026 4:18 PM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** (Immediate Meet and Confer) Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Counsel,

Mr. Loo and Mr. Marino asked for an extension to respond - and then refused to comply.  Mr. Loo and Mr. Marino have acted in defiance of the Court.

BMW rejects this attempt at self-help - and its misinterpretation of BMW's positions – and BMW will seek an immediate motion to compel with the Court.

Please provide windows of availability for a meet and confer for this coming Monday and Tuesday – to address this egregious misbehavior by Mr. Loo and Mr. Marino.

Regards,

Lionel

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Friday, March 6, 2026 4:14 PM
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Counsel,

Please see the attached correspondence.

Thanks,
Daniel

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Tuesday, March 3, 2026 5:31 PM
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Matt,

We confirm the extension for the subpoenas for Mr. Rader.

Thanks,
Daniel

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Thursday, February 26, 2026 4:55 PM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** Re: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

> **External sender** <matthew.berntsen@finnegan.com>
> Make sure you trust this sender before taking any actions.

Hi Daniel,

Thank you for confirming that the Rader subpoenas were served on February 18, 2026. BMW AG is amenable to an extension of the response date to the Rader subpoenas to the earlier of March 27 or two business days after either German action concerning a U.S. patent is unstayed, whichever comes first. Please confirm.

With respect to the subpoenas on Mr. Loo and Mr. Marino, the subject matter of those subpoenas remains relevant at least to the issues of value in dispute and invalidity of the EP920. Accordingly, we cannot offer a further extension with respect to those two subpoenas.

Best,
Matt

--

**Matthew C. Berntsen**, Partner (he/his)

Finnegan | Firm Bio | LinkedIn

---

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Wednesday, February 25, 2026 17:27
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Matt,

I have received word from the client that I am authorized to accept service for the Rader subpoenas.  Following up on the exchange below, the Munich cases are all suspended, and my understanding is that there are no upcoming deadlines for BMW.  Please let us know if BMW will agree to extend the response deadline for all subpoenas (Marino, Loo, Rader) to March 27, 2026, to the extent BMW is still intending to pursue these subpoenas.

Thanks,
Daniel

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Wednesday, February 18, 2026 8:25 PM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

---

> **Warning: Unusual link**
> This message contains an unusual link, which may lead to a malicious site. Confirm the message is safe before clicking any links.

Hi Daniel,

We disagree with Onesta's characterizations. There is nothing secret about publicly-filed dockets available on PACER, nor is it credible to contend that relief from a U.S. District Court somehow constitutes "discovery in the German actions."

Thank you for confirming that the subpoenas on Mr. Loo and Mr. Marino were served on February 16. To ensure compliance with the Court's orders directing service of other documents, please find all filings to date in the two proceedings available here:

https://app.box.com/s/9fj6hj73ljzh3w8qm2wsxpvsa8nkpwri

As to the timing of responses, in view of BMW's March 17, 2026 deadline for its first Statement of Defense in the three Munich cases, we will grant an extension to the deadline to respond to the document subpoenas to March 6 but must maintain the depositions as scheduled on March 13. We are aware of papers related to potential stays in Munich and are happy to revisit those deadlines in the event one or more of those proceedings is stayed.

Regarding the Qualcomm/Onesta term sheet, as you are aware we have not received a copy. What we do know is that Onesta has neither narrowed nor dismissed its affirmative actions against BMW in Germany and so we do not see how the term sheet has any bearing on the issue of relevance.

Best,
Matt

--

**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Wednesday, February 18, 2026 18:30
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Matt,

Thanks for the clarification.  We had not been aware that BMW, while telling Judge Albright that it needed an ASI because it couldn't get discovery in the German actions, was secretly seeking discovery in the German actions.

I can confirm that we are authorized to accept service for Mr. Marino and Mr. Loo.

It looks like the order authorizing these subpoenas was issued on February 10, but didn't hear about it until February 16.  The response date of February 27 is untenable, in view of our need to get up to speed on this new proceeding.  Please let us know if you will give us the professional courtesy of a thirty day extension to respond.

Additionally, in view of the binding term sheet between Qualcomm and Onesta, which did not exist at the time the application was filed (and in view of the pending agreed suspension of the German proceedings), please let us know which RFPs you still consider relevant.

Thanks,
Daniel

---

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Tuesday, February 17, 2026 3:06 PM
**To:** Daniel Pearson <dpearson@caldwellcc.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** Re: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

> **Warning: Unusual link**
> This message contains an unusual link, which may lead to a malicious site. Confirm the message is safe before clicking any links.

Hi Daniel,

Thank you for the prompt reply.

It's unclear why you refer to FRCP 26(d) or Judge Albright's Standing Orders. To clarify, these subpoenas are not issued as part of the case before Judge Albright, but rather pursuant to Orders of the Eastern District of Pennsylvania in Case Nos. 2:25-mc-00073 (Marino) and 2:25-mc-00074 (Loo).

To reiterate, please confirm whether you can accept service by email on behalf of Mr. Marino and Mr. Loo.

Best,
Matt

--
**Matthew C. Berntsen**, Partner (he/his)
Finnegan | Firm Bio | LinkedIn

**From:** Daniel Pearson <dpearson@caldwellcc.com>
**Sent:** Tuesday, February 17, 2026 13:09
**To:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>; Jason Cassady <jcassady@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** RE: Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

Matt,

Thanks for your email.  So we can consider your request, please let us know BMW's position on why it believes it is able to serve this discovery now in view of FRCP 26(d) and Judge Albright's Standing Orders.

Thanks,
Daniel

**From:** Berntsen, Matthew <Matthew.Berntsen@finnegan.com>
**Sent:** Monday, February 16, 2026 10:39 AM
**To:** Jason Cassady <jcassady@caldwellcc.com>; Daniel Pearson <dpearson@caldwellcc.com>; Mark Siegmund <msiegmund@cjsjlaw.com>
**Cc:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Myles, Joseph <Joseph.Myles@finnegan.com>; BMW-OnestaIP <BMW-OnestaIP@finnegan.com>; Onesta-BMW <Onesta-BMW@caldwellcc.com>
**Subject:** Onesta/BMW - Subpoenas on Mr. Loo and Mr. Marino

**Warning: Unusual link**
This message contains an unusual link, which may lead to a malicious site. Confirm the message is safe before clicking any links.

Counsel,

Please see the attached and confirm whether you are authorized to accept service on behalf of Mr. Loo and Mr. Marino.

Best,
Matt

--
**Matthew C. Berntsen**
Partner | Firm Bio | LinkedIn
(he/his)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP

Two Seaport Lane, Sixth Floor, Boston, MA 02210-2001
p: 617.646.1618 | f: 617.646.1666 | matthew.berntsen@finnegan.com |
www.finnegan.com

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise

the sender by return e-mail and delete it from your mailbox. Thank you.