## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Ex Parte Application of          :
BAYERISCHE MOTOREN WERKE     :     No. 2:25-mc-00073
AKTIENGESELLSCHAFT for an Order    :
Pursuant to 28 U.S.C. Section 1782 to    :     No. 2:25-mc-00074
Obtain Discovery for Use in Foreign     :
Proceedings.                                   :
                                               :

## ORDER

AND NOW, this 28th day of May 2026, it is hereby ORDERED that

BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT's ("BMW AG")

Motions to Compel (No. 2:25-mc-00073, ECF No. 11; No. 2:25-mc-00074, ECF No. 12)

are GRANTED in part and DENIED in part.[1] Mr. Marino and Mr. Loo must produce

the following documents to BMW AG on or before **June 21, 2026**:[2]

- **RFP 1**: Documents and communications arising from or in
  preparation for licensing, attempts to license, or assignment of
  the Patents-in-Suit, including attachments or exhibits to those
  communications.

---

[1]     Respondents, Mr. Marino and Mr. Loo, contend that BMW AG does not have standing to invoke the power of this Court because BMW AG has not demonstrated a legal injury. Transcript of Oral Argument at 26:8-26:11, *In re Bayerische Motoren Werke Aktiengesellschaft*, No. 2:25-mc-00073; No. 2:25-mc-00074 (E.D. Pa. May 11, 2026). The Court finds that BMW AG has Article III standing. BMW AG "has an interest in receiving the information that it seeks, and it has a statutory right, as an 'interested person' under § 1782 to receive that information. It has demonstrated an 'injury in fact,' caused by [Respondents'] failure to disclose, which suffices to satisfy Article III." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1111 (9th Cir. 2015) (citation omitted).

[2]     The Court has narrowed the scope of BMW AG's RFPs based on relevancy to the ongoing German proceedings. Ongoing in Germany is BMW's appeal of the value in dispute orders and the nullity proceeding for the European patent, EP '920. Discovery is limited to the scope of these disputes. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004) (noting that "unduly intrusive or burdensome [§ 1782] requests may be rejected or trimmed."); *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, n.10 (3d Cir. 2018) ("[A] court may at its discretion reject or modify a § 1782 request.")

    BMW AG withdrew RFPs 6, 7, 9 and 14 in its May 18, 2026, Notice to the Court. (No. 2:25-mc-00073, ECF No. 25; No. 2:25-mc-00074, ECF No. 26). BMW AG withdrew RFP 19 in its meet-and-confer with Mr. Marino and Mr. Loo. (Memo in Support of Motion to Compel, No. 2:25-mc-00073, ECF No. 11-2, at 1; Memo in Support of Motion to Compel, No. 2:25-mc-00074, ECF No. 12-2, at 1).

- **RFP 2**: Communications with AMD relating to the sale, acquisition or validity of the Patents-in-Suit.
- **RFP 3**: Communications with any named inventor of the Patents-in-Suit relating to their value or validity.
- **RFP 5**: Documents relating to analyses conducted regarding the Patents-in-Suit in the scope of Onesta's business activity involving patent enforcement.
- **RFP 8**: Documents and communications regarding Your and/or Onesta's purchase of patents other than the Patents-in-Suit from AMD provided that such patents were grouped with the Patents-in-Suit at the time of purchase.
- **RFP 10**: Unredacted versions of Onesta's confidential information relating to pricing or valuation of the Patents-in-Suit in ITC filings in 337-TA-1450. For the avoidance of doubt, confidential information of any Respondent in 337-TA-1450 protected from disclosure by Onesta may be redacted prior to production.
- **RFP 11**: Licenses, agreements, contracts, settlements, and proposals relating to the Patents-in-Suit.
- **RFP 12**: Unredacted versions of redacted exhibits containing information regarding pricing or valuation of the Patents-in-Suit filed by Onesta in support of the Complaint for patent infringement filed in the German Actions.
- **RFP 13**: Any documents provided in connection with the assignment of the Patents-in-Suit to Onesta, including but not limited to the non-public patent prosecution files for the Patents-in-Suit and any documentation provided to prosecution counsel when preparing the patent applications leading to the Patents-in-Suit or any request for a certificate of correction, to the extent it has bearing on the validity or valuation of the Patents-in-Suit
- **RFP 15**: Documents and communications with any litigation funder relating to or seeking litigation funding for or related to litigation against BMW AG, Qualcomm, Nvidia, OnePlus, or Nothing Technology, including but not limited to documents relating to any expected return or containing an evaluation of the Patents-in-Suit.
- **RFP 16**: Documents that are or are asserted to be prior art to the Patents-in-Suit, including such documents identified in connection to litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing Technology, including but not limited to 337-TA-

2

1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

- **RFP 17**: Documents sufficient to identify any product that is or is alleged to be prior art to the Patents-in-Suit.
- **RFP 18**: Prior art documents located as part of any pre-suit diligence performed in connection to the German Actions or litigation against Qualcomm, Nvidia, OnePlus, and/or Nothing Technology, including but not limited to 337-TA-1450 (I.T.C.), Case No. 1:25-cv-586 (W.D.T.X.), and Case No. 1:25-cv-587 (W.D.T.X.).

Mr. Marino and Mr. Loo must appear for a deposition and testify on topics relevant to the ongoing value-in-dispute and nullity proceedings in German court at a mutually convenient date no later than 45 days after the first production.

BY THE COURT:

GAIL A. WEILHEIMER, J.

3